FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHNNY B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 1:19-CV-03121-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 16. Attorney D. James Tree represents Johnny B. (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on January 19, 2016, alleging disability since January 1, 2015,[2] due to muscular skeletal disease, COPD, chronic low back pain, hiatal hernia, bilateral hand pain, leg and foot pain, depression, and anxiety. Tr. 76-77. The application was denied initially and upon reconsideration. Tr. 107-15, 119-24. Administrative Law Judge (ALJ) Stephanie Martz held a hearing on January 31, 2018, Tr. 36-74, and issued an unfavorable decision on June 13, 2018, Tr. 15-27. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 180. The Appeals Council denied the request for review on April 6, 2019. Tr. 1-5. The ALJ's June 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 29, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 43 years old as of the filing of his application. Tr. 26. He did not complete high school and has a work history primarily in landscape work and tree cutting. Tr. 41-43, 361. He indicated that he stopped working in 2015 due to physical problems. Tr. 361. He has alleged widespread pain throughout his body, along with a hernia and COPD, all rendering him physically incapable of working. Tr. 44, 241-42. He further indicated that he developed depression due to his chronic pain and inability to work. Tr. 246, 404.

///

///

---

[2] Plaintiff later amended his alleged onset date to the date of filing of his application. Tr. 39.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 2

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 13, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-27.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: anxiety disorder, cannabis use disorder, and hernia. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> The claimant can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. The claimant can frequently balance and stoop and occasionally kneel, crouch, and crawl. The claimant has the ability to understand, remember, and carry out simple and routine tasks and can have occasional interaction with co-workers, supervisors, and the public.

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a tree cutter and landscape laborer. Tr. 26.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of housekeeping cleaner, order caller, and small products assembler. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) making incorrect step two findings; (2) improperly discounting Plaintiff's symptom testimony; and (3) improperly weighing the medical opinion evidence.

## DISCUSSION

**1. Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 13 at 9-14.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.

1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).[3] "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. Specifically, the ALJ found Plaintiff's daily activities were not limited to the extent expected given the complaints of disability symptoms and limitations. Tr. 21-22. The ALJ further found the objective findings in the case were not consistent with Plaintiff's allegations. Tr. 22-24.

///

///

---

[3] Defendant objects to the clear and convincing standard, arguing it is inconsistent with the deferential substantial evidence standard, as well as agency regulations and rulings. ECF No. 16 at 7 n.1. In his Reply Brief, Plaintiff asserts Defendant's position necessitates remand on its face, as it indicates incorrect Agency policy, thus showing the ALJ applied the wrong legal standard in adjudicating Plaintiff's claim. ECF No. 17 at 7.

      The clear and convincing standard remains binding law in the Ninth Circuit, and the government's invitations to apply a lesser standard have been routinely rejected by the Circuit Court. *See e.g., Garrison v. Colvin*, 759 F.3d 995, 1015 n.18. As the Court finds the ALJ did not offer clear and convincing reasons for the assessment of Plaintiff's allegations, the Court finds it unnecessary to rule on Plaintiff's response to Defendant's argument.

*a. Activities*

The ALJ found Plaintiff's allegations of difficulty with most physical actions to be inconsistent with his admitted ability to attend to personal care and minor household chores, shop, handle money, watch television, and spend time with others. Tr. 21-22.

Plaintiff argues none of these activities demonstrate any inconsistency with his alleged limitations, and asserts that the ALJ did not indicate what kind of activities would be expected. ECF No. 13 at 10-12. Defendant argues the ALJ reasonably considered contradictions between Plaintiff's claims and his ongoing activities, and that the ALJ's interpretation of the evidence was entitled to deference. ECF No. 16 at 8-10.[4]

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625,

---

[4] Defendant also points to the ALJ's inference that the evidence suggested Plaintiff continued working. ECF No. 16 at 10-11. The Court notes this discussion from the ALJ did not occur in the context of the assessment of Plaintiff's subjective complaints. Tr. 19, 25. Furthermore, the citations offered by the ALJ do not indicate attempted or ongoing work activity, but rather only two incidents of Plaintiff using a chainsaw, and subsequently requiring medical attention. Tr. 395-98, 445, 448 (April 2017) and Tr. 480 (December 2016). The citation to Tr. 361 references Plaintiff's past work experience and does not discuss any current work activity. Plaintiff testified twice he had not worked at all since filing his application and the ALJ did not question him further on that matter. Tr. Tr. 43, 53. The Court finds the minimal evidence of Plaintiff using a chainsaw does not indicate ongoing work activity. Therefore, even if the Court interprets the ALJ's discussion of work activity as pertaining to the assessment of Plaintiff's subjective complaints, there is not substantial evidence supporting a finding of ongoing work activity.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

639 (9th Cir. 2007). However, the Court finds the ALJ failed to identify any activities that are actually inconsistent with Plaintiff's allegations. As noted in the decision, Plaintiff testified to difficulty with most physical activity, but stated he could lift up to twenty pounds for a few minutes, and could sit or stand for 20-30 minutes and walk a block and a half before needing to rest. Tr. 21. The ALJ only mentioned basic self-care and household chores, none of which are inconsistent with Plaintiff's claimed limitations.

Furthermore, the Ninth Circuit has repeatedly found that the ability to perform these basic kinds of activities is not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) *citing Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").

Because the ALJ failed to identify any inconsistency between Plaintiff's alleged limitations and his demonstrated activities, this was not a clear and convincing basis for rejecting his claims.

*b. Objective evidence*

The ALJ found Plaintiff's allegations were inconsistent with the objective findings in the record. Tr. 22-24.

An ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because the ALJ offered no other clear and convincing

reasons for discounting Plaintiff's subjective statements, this reason alone is insufficient. *See also* Social Security Ruling (SSR) 16-3p ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual. A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms.").

Defendant argues that the ALJ appropriately discounted Plaintiff's symptom allegations based on his lack of treatment. ECF No. 16 at 12-14. While the ALJ mentioned Plaintiff's lack of mental health treatment and the fact that he had not been seen by a neurologist, Tr. 22-23, the ALJ did not specifically link these factors to her rejection of Plaintiff's alleged limitations. Furthermore, SSR 16-3p notes that before discounting a claimant's allegations based on a lack of treatment, an ALJ must consider possible reasons the claimant may not have sought treatment consistent with the degree of the complaints. There is no indication that the ALJ considered any possible explanation for Plaintiff's level of treatment.

The Court therefore finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. On remand the ALJ shall reconsider Plaintiff's allegations and symptom reports.

**2.    Step two findings**

Plaintiff argues the ALJ erred in failing to find a number of impairments to be severe or medically determinable at step two. ECF No. 13 at 3-9.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. An

1 impairment is "not severe" if it does not "significantly limit" the ability to conduct
2 "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities
3 and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment
4 or combination of impairments can be found not severe only if the evidence
5 establishes a slight abnormality that has no more than a minimal effect on an
6 individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)
7 (internal quotation marks omitted). The claimant bears the burden of demonstrating
8 that an impairment is medically determinable and severe. *Valentine v. Comm'r
9 Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ found Plaintiff's hiatal hernia, depression, and marijuana abuse to be severe impairments. Tr. 17. She found the remainder of Plaintiff's alleged impairments to be non-severe or non-medically determinable, including COPD, and various complaints of widespread pain in his back, hands, legs, and feet, referred to by Plaintiff as "musculoskeletal disease." Tr. 17-19.

Plaintiff argues the ALJ erred in finding he had no medically determinable impairment associated with his various pain complaints. ECF No. 13 at 3-9. He asserts the ALJ applied a heightened standard by requiring imaging to establish a condition, and in so doing ignored other objective signs and diagnostic techniques that established Plaintiff's conditions as medically determinable. *Id.* Defendant argues the ALJ reasonably found the evidence to be insufficient to establish any severe impairments, as the record contained numerous inconsistencies and no ongoing treatment to establish conditions that met the durational requirement. ECF No. 16 at 3-6. Defendant further argues that any error on the part of the ALJ is harmless due to the five-step analysis continuing past step two. *Id.* at 7.

The Court finds the ALJ did not err in finding Plaintiff's treatment for various pain complaints did not establish a medically determinable severe impairment. While Plaintiff received emergency room treatment for acute exacerbations of pain in his back and extremities, the record does not reflect any

objective basis for finding an impairment that persisted and severely limited Plaintiff's functioning. Despite Plaintiff's reports of chronic debilitating body pain, the record also reflects numerous instances of normal musculoskeletal and extremity exams or exam findings inconsistent with pain complaints. Tr. 369-72, 396, 400, 415, 426, 497, 523, 524, 525, 527. The ALJ's findings are supported by substantial evidence.

However, as this claim is being remanded for reconsideration of Plaintiff's subjective complaints, the ALJ will consider any additional development of the record when conducting the five-step process.

### 3. Medical opinions

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence by improperly rejecting the opinions from Dr. Drenguis and Dr. Nestler. ECF No. 13 at 15-20.

When an examining physician's opinion is contradicted by another physician, the ALJ must offer "specific and legitimate" reasons to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

*a. Dr. William Drenguis*

Plaintiff attended a consultative physical exam with Dr. William Drenguis on May 5, 2016. Tr. 366-73. Dr. Drenguis conducted objective testing that revealed a number of inconsistencies. Tr. 369-72. He found the exact nature of Plaintiff's problems to be difficult to evaluate due to poor effort and inconsistencies, but diagnosed him with diffuse myalgias, early degenerative joint disease of both knees and hands, and bilateral shoulder impingement. Tr. 372. Dr. Drenguis opined Plaintiff could stand and walk at least two hours in a workday, sit about six hours,

1 lift and carry at least 20 pounds occasionally and 10 pounds frequently,
2 occasionally engage in most postural activities, occasionally reach overhead and
3 forward, and frequently handle, finger, and feel. Tr. 372-73.
4       The ALJ gave Dr. Drenguis' opinion partial weight, finding it to not be
5 consistent with the evidence as a whole or his own examination of the claimant,
6 noting the inconsistent test results and the lack of ongoing complaints in the record
7 regarding knees, shoulders, or hands. Tr. 25. The ALJ also noted Plaintiff had
8 reported his hobbies included walking for exercise and rebuilding bikes. *Id.*
9       Plaintiff argues the ALJ improperly found Plaintiff's knee, shoulder, and
10 hand complaints to be non-severe and improperly substituted her own lay
11 interpretation of the medical findings for those of the doctor. ECF No. 13 at 15-17.
12 He further argues that the activities identified by the ALJ do not serve as a basis
13 for undermining Dr. Drenguis' report as they are consistent with the limitations
14 listed. *Id.* at 17. Defendant argues the ALJ was justified in rejecting the opinion as
15 it was based on unclear findings and was unsupported by other evidence in the
16 record. ECF No. 16 at 16-18.
17       The Court finds the ALJ did not err in rejecting the extent of the limitations
18 posed by Dr. Drenguis. As discussed above, the ALJ gave an adequate explanation
19 for finding most of Plaintiff's pain complaints to be unrelated to any medically
20 determinable impairment. The ALJ reasonably relied on Dr. Drenguis' own
21 statement that the nature of Plaintiff's conditions was difficult to evaluate because
22 of inconsistencies and poor effort, and the fact that Plaintiff did not consistently
23 report problems with his knees, shoulders, and hands throughout the remainder of
24 the record. The ALJ's analysis is supported by substantial evidence.
25       b.  Dr. Kristen Nestler
26       Plaintiff attended a consultative psychological exam on May 4, 2016. Tr.
27 360-64. Dr. Nestler diagnosed Plaintiff with cannabis use disorder and unspecified
28 depressive and anxiety disorders. Tr. 362-63. She opined Plaintiff would not have

difficulty performing simple and repetitive tasks or detailed and complex tasks, noting his cognitive testing was normal. Tr. 363. She further stated that he would not have difficulty performing work activities on a consistent basis without special supervision and would not have difficulty maintaining regular attendance, noting Plaintiff clearly stated that his inability to work was due to physical problems. *Id.* She opined Plaintiff may have difficulty accepting instructions from supervisors and interacting with coworkers and the public, noting he was a poor historian and was quite circumstantial in his speech and needed constant redirection. *Id.* She also noted he would have difficulty dealing with the usual stress of the workplace. Tr. 364.

The ALJ gave this opinion partial weight, emphasizing Dr. Nestler's comment that Plaintiff "may" have difficulties with interaction in the workplace, but noting that she did not specify what those difficulties might be. Tr. 24. The ALJ further noted that Dr. Nestler's exam and other records showed Plaintiff to be pleasant and cooperative. *Id.*

Plaintiff argues that the ALJ's rationale is insufficient, as Dr. Nestler's explanatory statements regarding Plaintiff's circumstantial speech and need for redirection adequately showed what Plaintiff's difficulties would be in the workplace, and that the ALJ's premise that the stated limitation was not specific was simply incorrect. ECF No. 13 at 19-20. Defendant argues Plaintiff is asking for a different interpretation of the record, and the ALJ's reading of Dr. Nestler's opinion as equivocal was reasonable. ECF No. 16 at 18-20.

The Court finds the ALJ did not err. Dr. Nestler's opinion states only that Plaintiff "may" have difficulties in interacting with others in the workplace. She did not explain the extent of those potential difficulties, or comment on what she believed Plaintiff remained capable of doing. Tr. 363. Furthermore, the ALJ included limitations in the RFC on Plaintiff's ability to interact with others,

limiting him to no more than occasional interaction with supervisors, coworkers, or the public. Tr. 21. The Court finds no error in the ALJ's analysis.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, make findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

///
///
///
///

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 6, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE